AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the

Western District of Texas

| | |
|---|---|
| United States of America | ) |
| v. | ) |
|  | ) Case No. SA:20-MJ-1484 |
| Tyler Joseph Light | ) |
|  | ) |
|  | ) |

*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of   December 2, 2020   in the county of   Bexar   in the

Western   District of   Texas   , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18 U.S.C. § 922(g)(8) | Felon in Possession   *AB* |
| Title 18 U.S.C. § 371 | Conspiracy |
| Title 18 U.S.C. § 922(a)(5) | Unlicensed Firearm Transactions |

This criminal complaint is based on these facts:

See Attached Affidavit

■ Continued on the attached sheet.

_____
*Complainant's signature*

Tristan E. Hyland, S/A - FBI
*Printed name and title*

☐ Sworn to before me and signed in my presence.
■ Sworn to telephonically and signed electronically.

Date:   10/8/2020

_____
*Judge's signature*

City and state:   San Antonio, Texas

Honorable Henry J. Bemporad, U.S. Magistrate Judge
*Printed name and title*

**Max Penalty:** 10 years imprisonment; $250,000 fine; 3 years supervised release; $100 Special Assessment.

## IN THE UNITED STATES DISTRICT COURT
## FOR WESTERN DISTRICT OF TEXAS

### SAN ANTONIO DIVISION

**UNITED STATES OF AMERICA**
**v.**
**TYLER JOSEPH LIGHT**

Case No. SA: 20- MJ-1484

### AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Tristan E. Hyland, a Special Agent with the Federal Bureau of Investigation, being duly
sworn, do hereby state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.      I make this affidavit in support of a criminal complaint charging **TYLER
JOSEPH LIGHT**, hereinafter referred to as LIGHT, with violations of Title 18 U.S.C.
§ 922(g)(8), Title 18 U.S.C. § 371 and Title 18 U.S.C. § 922(a)(5).

2.      I am a Special Agent with the Federal Bureau of Investigation (FBI), being duly
appointed according to law and acting as such, and have been so employed in that capacity since
November 2019. As an FBI Special Agent, I am an "investigator or law enforcement officer"
within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the
United States who is empowered by law to conduct investigations and to make arrests for
offenses enumerated in Title 18, United States Code, Section 2516. I am currently assigned to
the San Antonio Joint Terrorism Task Force (JTTF), Domestic Terrorism Squad. Since
becoming a Special Agent, I have participated in several criminal and domestic terrorism
investigations involving criminal matters and domestic terrorism organizations with ideologies
including anti-government extremism and other related ideologies. Prior to joining the FBI, I
was employed as a Sergeant with the Washington, D.C., Metropolitan Police Department
(MPDC) for approximately 8 years, where I was a direct supervisor to eight officers, conducted

internal investigation involving police use of force and other administrative matters, and conducted and oversaw preliminary on-scene investigations. During my time with both MPDC and the FBI, I received training in a variety of investigative and legal matters, including the topics of Fourth Amendment searches, the drafting of search warrant affidavits, and probable cause, in addition to my legal training and practice.

3.      This affidavit is being submitted for the limited purpose of obtaining a criminal complaint. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all my knowledge about this matter.

4.      The statements in this affidavit are based on my investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that LIGHT committed a violations of Title 18 U.S.C. § 922(g)(8), Title 18 U.S.C. § 371, and Title 18 U.S.C. § 922(a)(5).

## STATUTORY AUTHORITY

5.      This investigation concerns the alleged violations of Title 18 U.S.C. § 922(g)(8), Title 18 U.S.C. § 371, and Title 18 U.S.C. § 922(a)(5). Title 18 U.S.C. § 922(g)(8) prohibits a person, who is a subject of a court order that was issued after a hearing of which such person received actual notice, and at which such person had an opportunity to participate; restrains such person from harassing, stalking, or threatening an intimate partner of such person or child of such intimate partner or person, or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to the partner or child; and includes a finding that such person represents a credible threat to the physical safety of such intimate partner or child;

2

or by its terms explicitly prohibits the use, attempted use, or threatened use of physical force against such intimate partner or child that would reasonably be expected to cause bodily injury, from shipping, transporting, receiving, or possessing firearms or ammunition. Title 18 U.S.C. § 371 prohibits two or more persons from conspiring to commit any offense against the United States. Title 18 U.S.C. § 922(a)(5) prohibits a person (other than a licensed importer, licensed manufacturer, licensed dealer, or licensed collector) to transfer, sell, trade, give, transport, or deliver any firearm to any person (other than a licensed importer, licensed manufacturer, licensed dealer, or licensed collector) who the transferor knows or has reasonable cause to believe does not reside in (or if the person is a corporation or other business entity, does not maintain a place of business in) the State in which the transferor resides.

## PROBABLE CAUSE

6. The United States, including the Federal Bureau of Investigation, is conducting a criminal investigation of LIGHT regarding violations of Title 18 U.S.C. § 922(g)(8), Title 18 U.S.C. § 371, and Title 18 U.S.C. § 922(a)(5).

7. On August 28, 2020, the FBI received information from the Elmendorf Police Department that an individual named LIGHT made threatening statements to murder law enforcement officers. LIGHT was also a self-admitted member of a militia and harbored sympathetic views of the Boogaloo ideology. Subsequently the FBI conducted an interview of LIGHT's estranged wife, who provided details about LIGHT's involvement in a militia and his threats against law enforcement.

8. LIGHT's wife provided the FBI with photographs and audio recordings of LIGHT wherein he confirmed that he is a member of a militia and that he did previously threaten to kill law enforcement officers. The recordings were made by LIGHT's wife without his

3

knowledge while the two spoke on the phone. She was planning on filing a protective order against LIGHT and made the recordings to use as evidence during that process. Captured on the recordings were LIGHT and his wife. It is assessed that these threats centered on law enforcement's actions taken during the Covid-19 pandemic, the civil unrest in the wake of the death of George Floyd, and an ongoing child custody dispute with LIGHT's wife.

9.      In one specific example, LIGHT texted an audio message of himself to his mother, wherein LIGHT is heard stating "when I pop off and bullets start flying guess who's life's in danger: [Redacted]'s, [Redacted]'s Amber's, every cop that has a family in Elmendorf, and some spics in the neighborhood. Just consider that when you refuse to just simply help me get in contact with my daughter. Maybe you could have saved a couple people." After LIGHT's mother received this message, she contacted LIGHT's wife and played the recording for her. LIGHT's wife then recorded the message on her own phone and provided it to the FBI. The individuals that LIGHT names in the message are his wife and two children.

10.     LIGHT's wife also provided the FBI with several photographs of LIGHT where he was seen at a protest in late May 2020 at the Alamo in San Antonio, TX. One of the photographs showed LIGHT armed with an AK-47 style assault rifle and posing with other members of the "This is Texas Freedom Force" militia, including Cameron Rankin (Rankin). This photo was also found on the "This is Texas Freedom Force" militia Facebook page. Rankin was recently arrested by the FBI and subsequently indicted for violation of Title 18 U.S.C. § 922(g)(4), and is known to be an anti-government, violent extremist who follows the Boogaloo ideology and advocated for violence in furtherance of the Boogaloo ideology. FBI agents were given a screenshot of LIGHT's Facebook and Instagram pages by his wife and were able to identify LIGHT's Facebook account ID as 1357065681 and LIGHT's Instagram account ID as

4

1041271745. A review of LIGHT's Facebook page confirmed that LIGHT and Rankin are Facebook friends.

11.    A review of information obtained through a search warrant of Rankin's Facebook account showed extensive conversations between LIGHT and Rankin on Facebook from May to July 2020. In one exchange from May 15 at 1:54 AM UTC[1], LIGHT shared a video with Rankin outlining a tactical plan created for engaging police during a future protest at Big Daddy Zane's in Odessa, Texas. Big Daddy Zane's was the site of the arrest of protesters in May. The video appears to have been made on an iPhone, the same make of cell phone as the Device. LIGHT, who is believed to be the creator and narrator in the video, identifies that there will be a "QRF" or Quick Reaction Force and outlines flanking positions for people to potentially engage police. The video goes on to identify previous travel routes and equipment used by police and outlines where the QRF should not position themselves because they would put innocent peoples' lives in danger.

12.    In another exchange from May 28 at 3:11 AM UTC, LIGHT and Rankin discuss the use of Molotov cocktails stating the following:

**Rankin to Light (3:11:35 AM UTC):** ok man I just want to be ready to fight if we need to

**Light to Rankin (3:12:00 AM UTC):** Yea I'd start looking into cases of molotovs and being efficient with them.

**Light to Rankin (3:12:09 AM UTC):** Or something of the alternative

**Rankin to Light (3:12:14 AM UTC):** ok ill get on that

**Light to Rankin (3:13:49 AM UTC):** They can stay in my car but they will be

---

[1] UTC refers to Universal Coordinated Time, equivalent to Central Standard Time -6.

your M.O.

> **Rankin to Light (3:48:25 AM UTC):** no ill just keep them on my person
>
> **Rankin to Light (3:48:53 AM UTC):** if I make any it will only be two or three
>
> **Light to Rankin (3:50:36 AM UTC):** ["Thumbs up" emoji]

13.    On June 01, 2020, Rankin created a Facebook group entitled "Texas boog crew." Among the members of the group were LIGHT and two other individuals, Ivan Harrison Hunter (Hunter) and Alejandro Guerra (Guerra). Both Hunter and Guerra are known followers of the Boogaloo ideology and have vocalized desires to kill police officers. Additionally, Hunter has been arrested and charged, by indictment, in the District of Minnesota with Riot, a violation of Title 18 U.S.C. § 2101.

14.    Research conducted on LIGHT's Instagram page showed that LIGHT was also in communication with Philip Archibald (Archibald). Archibald was under FBI investigation for making terroristic threats to commit a mass shooting and was known to have ties to the Boogaloo movement. Archibald was later arrested for violations of Title 21 U.S.C. § 841 and Title 21 U.S.C. § 846. LIGHT and Archibald exchanged 36 messages between April 29 and June 07, 2020, through Instagram. The two primarily discussed a protest planned for early June 2020, the same protest LIGHT discusses on the audio recording provided by LIGHT's wife and on the video LIGHT shared with Rankin. Specifically, the two discussed LIGHT introducing Archibald to the leaders of the "This is Texas Freedom Force" militia.

15.    On September 28, 2020, LIGHT was served a Temporary Ex-Parte Protection Order from Bexar County, Texas, which prohibits LIGHT from possessing any firearms. The temporary order was filed by LIGHT's wife because she no longer felt safe having LIGHT around her children. In a video posted on the "This is Texas Freedom Force" Facebook page on

October 03, 2020, LIGHT can be seen on camera carrying an AK-47 assault rifle, openly slung across his chest in violation of the temporary order. In addition to being able to identify LIGHT visually, the camera man identifies LIGHT by his first name.

      16.    In this paragraph I would include the following

      17.    On November 03, 2020, LIGHT participated in a virtual Zoom hearing in Bexar County District Court, in Texas. The hearing was set to determine if the Temporary Ex-Parte Protection Order filed by LIGHT's wife should be converted into a Full Court Ordered Protective Order. After LIGHT's wife gave her testimony, LIGHT stated to the court "Amber, you just killed your husband and the father of your children" and logged out of the hearing. Based on evidence already heard and LIGHT's initial presence and voluntary waiver of his right to be present for the remainder of the hearing, a judgement was made to convert the temporary order into a full protection order. The new protection order included a finding that LIGHT had "committed family violence and family violence is likely to occur in the future," and restrained LIGHT from committing any further acts of family violence, meaning, committing any act that is intended to result in the physical harm, bodily injury, assault, or sexual assault or that is a threat that reasonably places the member in fear of imminent physical harm, bodily injury, assault, or sexual assault. The new protection order went into immediate effect on November 03, 2020, and it remains in effect. LIGHT subsequently acknowledged knowing that the permanent protection order was in effect.

      18.    On November 08, 2020, LIGHT was stopped in Texas by troopers from the Texas Department of Public Safety for a traffic violation while driving a vehicle rented by the mother of one of his passengers. Present in the vehicle with LIGHT were two other individuals. During the stop, the troopers smelled an odor of marijuana emanating from inside of the car. When

7

LIGHT was asked to step out of the vehicle, he declared to the trooper that he had a loaded firearm in his front waistband. The trooper conducted a pat down of LIGHT's waistband and discovered a loaded Sig Sauer P320 handgun in LIGHT's front waistband. The troopers then conducted a search of the vehicle and found an AK-47 style assault rifle in the trunk. Found in the passenger compartment were several products suspected of containing marijuana and other drug paraphernalia. Finally, during the stop one of the troopers discussed with LIGHT that he has a protective order in place against another individual. LIGHT acknowledged the order and stated, "Oh yeah that's my ex-wife, my legal wife." The suspected marijuana and drug paraphernalia were seized by the troopers, but LIGHT was allowed to keep both firearms

19.     On December 1, 2020, the Bexar County Sheriff's Office secured and executed an arrest and search warrant for LIGHT on state charges of violation of a protection order and terroristic threats. The search warrant was for LIGHT's apartment and included the seizure of any firearms, magazines, ammunition, and cellular telephones. Upon his arrest, Bexar County Sheriff's Officers discovered a Sig Sauer P320 handgun, serial number 58C410248, holstered in LIGHT's front waistband. FBI agents were present for the search of LIGHT's apartment and observed a loaded AK-47 style assault rifle, serial number AA008119, in LIGHT's bedroom. Ten magazines were also found belonging to various firearms and assorted ammunition. The firearms found were a match in description and serial numbers to the firearms that LIGHT had during the November 8, 2020 traffic stop. Both firearms had traveled in interstate or foreign commerce.

20.     After his arrest, a custodial interview of LIGHT was conducted by a Bexar County Sheriff's Office detective and FBI agents. LIGHT was read his rights via an FBI Advise of Rights form and acknowledged that he understood his rights. LIGHT consented to answer

8

questions, signing the consent portion of the form. During the interview LIGHT stated that he did attend the virtual hearing related to the issuance of the protection order. LIGHT stated that he logged off of the hearing because after hearing the evidence presented against him he knew that he "had lost" the hearing, further stating that any sane person would know that they had lost. LIGHT went on to state that both firearms found were purchased by him within the last year. He also stated that he was served with a copy of the full protective order several days prior his arrest.

## CONCLUSION

21.     Based on the foregoing facts, your Affiant respectfully submits cause to believe that **TYLER JOSEPH LIGHT** did knowingly violate of Title 18 U.S.C. § 922(g)(8), Title 18 U.S.C. § 371, and Title 18 U.S.C. § 922(a)(5).

TRISTAN E. HYLAND
Special Agent
Federal Bureau of Investigation

Subscribed and electronically sworn before me on this 2ⁿᵈ day of December 2020,

HONORABLE HENRY J. BEMPORAD
U.S. MAGISTRATE JUDGE

9